UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| MICHAEL A. ABBAS AND LISA SMIT, | * * * * | CIV 04-4020 |
| Plaintiffs, v. | * * * * * | MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO QUASH AND ALTERNATIVE |
| BYRON NOGELMEYER, individually and in his official capacity as Turner County Sheriff; JEFF COLE, Individually; TURNER COUNTY; JAMES SEVERSON, individually and in his official capacity as an agent of the South Dakota Division of Criminal Investigation; and the STATE OF SOUTH DAKOTA, | * * * * * * * * * * * * | MOTION FOR PROTECTIVE ORDER and DENYING THE REQUEST FOR *VAUGHN* INDEX |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

In the Memorandum and Order set forth in Docket Entry 78, this Court directed Defendants James Severson and the State of South Dakota to deliver under seal for an in camera inspection Severson's personnel files pertaining to his employment at the South Dakota Division of Criminal Investigation and at the South Dakota State Penitentiary. This Memorandum and Order for an in camera inspection was issued after Defendants James Severson and the State of South Dakota moved this Court for an order quashing the Subpoenas Duces Tecum and notices of deposition served by Plaintiffs upon officials of the South Dakota Division of Criminal Investigation and the South Dakota State Penitentiary seeking Severson's personnel records and other documents. Severson and the State of South Dakota moved in the alternative for a Protective Order. Doc. 58. The Defendants other than Severson and the State of South Dakota took no position regarding the motion to quash or alternative motion for protective order. Doc. 62, 66. The Plaintiffs resisted the motion to quash or alternative motion for protective order and requested a *Vaughn* Index in

accordance with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Doc. 64.

The discovery process may seriously implicate privacy interests of both litigants and third parties. In consideration of liberal discovery and the potential for abuse of that discovery the district courts are given broad discretion to determine when a protective order is required and the degree of protection required in each case. *See Miscellaneous Docket Matter #1 v. Miscellaneous Docket Matter #2*, 197 F.3d 922, 925 (8th Cir. 1999). A review of these personnel files in issue discloses that they contain both sensitive discoverable material and material which is nondiscoverable, irrelevant and otherwise of a nature that entitles Severson to protection under FEDERAL RULES OF CIVIL PROCEDURE 26 (c) and 45 (c). This Court will list the discoverable material under seal as soon as a Confidentiality Agreement governing the handling of the discoverable material is in place and the parties have provided a copy of the same to the Court.

This Court has pulled and copied those documents which contain discoverable material and highlighted the discoverable material. Those pulled and highlighted documents are contained in an envelope which the Clerk will turn over to counsel for Defendant James Severson and/or counsel for the State of South Dakota. Counsel for Defendant James Severson and/or counsel for the State of South Dakota may redact from the pulled documents any or all of the material which is not highlighted. The Court will give the parties 10 days from the date of this Order to negotiate a Confidentiality Agreement regarding the handling of the discoverable material. If the parties are unable to reach such an agreement, they shall contact the Court and advise the Court of the same. After a Confidentiality Agreement is reached, Defendant James Severson and/or Defendant State of South Dakota will supply Plaintiffs with the discoverable material. Accordingly,

IT IS HEREBY ORDERED:

(1) That the Court will disclose a list of discoverable material under seal as soon as a Confidentiality Agreement governing the handling of the discoverable material is in place and after a copy of same has been provided to the Court;

(2) That the Motion to Quash, or in the alternative, Motion for Protective Order (Doc. 58), is granted in apart and denied in part, as set forth in this Memorandum Opinion and Order;

(3) That the Clerk shall turn over to counsel for Defendant James Severson and/or counsel for the State of South Dakota the envelope containing the documents which set forth the material which this Court has designated as discoverable;

(4) That Counsel for Defendant James Severson and/or counsel for the State of South Dakota may redact from the documents in the envelope they receive from the Clerk any or all of the material which is not highlighted;

(5) That the parties shall have 10 days from the date of this Order to negotiate a Confidentiality Agreement regarding the handling of the discoverable material which is the subject of this Memorandum Opinion and Order, and if the parties are unable to reach a Confidentiality Agreement, they shall contact the Court within the 10-day period and advise the Court of this inability;

(6) That after a Confidentiality Agreement is reached, Defendant James Severson and/or Defendant State of South Dakota will supply Plaintiffs with the discoverable material that is referenced in this Memorandum Opinion and Order; and

(7) That the Plaintiffs' request for a *Vaughn* Index is denied.

Dated this 24th day of August, 2006.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*
(SEAL)   DEPUTY